IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**vs.**

**BARRY DABNEY,**
**#044719-025,**

**Defendant.**                                                                 No. 99-CR-30022-DRH-6

<u>ORDER</u>

**Herndon, District Judge:**

Now before the Court is *pro se* Defendant Barry Dabney's "MOTION TO MODIFY SENTENCE PURSUANT TO TITLE 18 U.S.C. § 3582(c)(2). and Amendment '487 and Amendment ' 591 . . . . . . . . . . . . . .'" (Doc. 537). Dabney argues the Court's sentence violates ***United States v. Booker,*** **— U.S. —, 125 S.Ct. 738 (2005)**, because he received an enhanced sentence without admitting to the underlying facts or having a jury make the determination beyond a reasonable doubt.

Briefly, by way of background, on September 2, 1999 Dabney pled guilty to Counts 1 and 4 of the Superceding Indictment alleging conspiracy to distribute cocaine and cocaine base in violation of **21 U.S.C. § 846** (Count 1) and possession with intent to distribute cocaine base in violation of **21 U.S.C. § 841(a)(1)** (Count 4). On January 28, 2000, the Court conducted a sentencing hearing and sentenced Dabney to 210 months, 5 years supervised release, and ordered him to pay a special assessment of $200 and a fine of $2000 (Doc. 213). On January 31, 2000, the Court entered

1

Judgment (Doc. 217). Dabney filed a notice of appeal on February 7, 2000 (Doc. 228), and moved to dismiss the appeal. The United States Court of Appeals for the Seventh Circuit granted the motion and issued its mandate dismissing the appeal on March 8, 2000 (Doc. 252). On March 7, 2001, Dabney filed a **28 U.S.C. § 2255** petition arguing, among other things, his sentenced violated ***Apprendi v. New Jersey,* 530 U.S. 466 (2000)** (*Dabney v. United States*, 01-CV-141-DRH, Doc. 1). In a written opinion dated January 10, 2002, the Court dismissed Dabney's **§ 2255** petition (*Dabney v. United States*, 01-CV-141-DRH, Doc. 11, Mem. & Order dated Jan. 10, 2002).

Now Dabney has asked this Court to modify his sentence pursuant to **18 U.S.C. § 3582(c)(2)**. Ordinarily once a district court enters final judgment it lacks jurisdiction to continue to hear related issues, except to the extent authorized by statute or rule. ***See Carlisle v. United States,* 517 U.S. 416 (1996)**. **Section 3582(c)(2)**[1] is one exception to this general rule, but is simply inapplicable here. What Dabney may be trying to do by this motion is collaterally attack his sentence pursuant to **28 U.S.C. § 2255** or **28 U.S.C. § 2241**.

While ordinarily the Court would give Dabney the opportunity to withdraw or amend his motion, ***see Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004)**, in this case it would be to little avail. First, with regard to a **§ 2255**

---

[1]**Section 3582(c)** provides "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to **28 U.S.C. 994(o)**, upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." **18 U.S.C. § 3582(c)(2)**.

petition, this would be Dabney's second petition and thus he would need to seek certification from the Seventh Circuit before filing in this Court.[2]  Second, and most importantly, ***Booker*** does not apply retroactively to criminal cases like Dabney's that became final before ***Booker's*** release on January 12, 2005.  ***See McReynolds v. United States of America,*** **397 F.3d 479, 481 (7th Cir. 2005)**.

Accordingly, the Court **DENIES** Dabney's Motion to Modify Sentence for lack of jurisdiction (Doc. 537).

**IT IS SO ORDERED.**

Signed this 26th day of April, 2005.

/s/     David RHerndon
**United States District Judge**

---

[2] "A second or successive motion must be certified by a panel of the appropriate court of appeals to contain – . . . (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously made unavailable." **28 U.S.C. § 2255**.